RUSSELL, Judge.
This is a child custody modification case.
The parents were divorced in 1980, and custody of the two minor children was awarded to the father by agreement of both parties. The mother sought a modification of custody, and following ore tenus proceedings, the trial court denied her petition.
The mother appeals. We affirm.
It is well settled that a trial judge who hears evidence presented ore tenus is in the best position to ascertain whether there has been a change in circumstances requiring a modification of custody, and he will not be reversed absent a showing that such a change is plainly and palpably wrong. Julian v. Julian, 402 So.2d 1025 (Ala.Civ.App.1981). Furthermore, the party seeking a change of custody must, in addition to demonstrating that she is fit, also demonstrate that such a change would “materially promote” the child’s best interests and welfare. Ex parte McLendon, 455 So.2d 863 (Ala.1984).
It is not enough for the mother to show that her circumstances have improved. McLendon, 455 So.2d at 866. Rather, she bears the heavy burden of showing that the “positive good brought about by the modification [would] more than offset the inherently disruptive effect caused by uprooting the children].” Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App.1976). Additionally, we note that while an expressed preference of a child to live with a particular parent is a factor to be considered by the trial judge, such wishes are not determinative. Sanders v. Sanders, 435 So.2d 123 (Ala.Civ.App.1983).
We agree with the trial court that the mother has failed to meet the heavy burden established by McLendon and that she was, therefore, not entitled to custody. While the record reveals that a modification of custody might have little disruptive effect on the children, we find no evidence to support a conclusion that such a change would “materially promote” the children’s welfare. Testimony that the mother has purchased a larger home and that she has a *1079 greater degree of formal education than does the father is not sufficient to warrant such a change.
The father’s request for attorney’s fees is granted in the amount of $400.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.