The mother appeals from an order of the trial court which, in part, changed custody of the parties' two children from the mother to the father, awarded the mother $2,000 as an arrearage in child support, and ordered her to pay $25 per week as child support.
The parties were divorced in 1984. The mother was awarded custody of the parties' two children. The father was ordered to pay $250 per month as child support.
Thereafter, the mother filed a petition to hold the father in contempt of court for failure to pay the child support obligation. The father answered and filed a cross-petition for modification, requesting that he be granted custody of the children.
After an ore tenus proceeding the court adjudged the father in contempt, allowed him to purge himself by compliance with future orders of the court, determined the father's support arrearage to be $2,000, terminated the father's child support obligation, transferred custody of the children to the father, and ordered the mother to pay the father $25 per week as child support.
On appeal the mother first asserts that the trial court erred in its award of an arrearage in the father's child support obligation.
When a trial court renders a judgment after hearing the testimony and reviewing the evidence, the judgment of the trial court is presumed correct and that judgment may be reversed on appeal only for an abuse of discretion, or if it is so unsupported by the evidence as to be plainly and palpably wrong. Foster v. Carden, 515 So.2d 1258 (Ala.Civ.App. 1987).
Accrued child support payments are final judgments as of the due date and may be collected as other judgments. Argo v. Argo,467 So.2d 258 (Ala.Civ.App. 1985). The determination of an amount of child support arrearage by the trial court will not be disturbed on appeal unless it is not supported by the evidence and is plainly erroneous and manifestly unjust.Robbins v. Robbins, 460 So.2d 1355 (Ala.Civ App. 1984).
The testimony of the mother establishes that the father has paid approximately *Page 1125 
$4,500 in child support. She also stated that a previous judgment of arrearage in the amount of $3,000 had been rendered against the father. The trial court determined that the father's current arrearage amounted to $2,000 and entered a judgment accordingly. We find no clear abuse of discretion in this aspect of the judgment.
The wife next contends that the trial court erred by changing custody of the parties' two children from the mother to the father.
The burden of proof that is placed upon the noncustodial parent seeking to change custody of the children is heavy. The noncustodial parent must prove his or her own fitness to have custody and also that a change in custody would materially promote the children's best interests and welfare. Ex parteMcLendon, 455 So.2d 863 (Ala. 1984). The degree to which the best interests and welfare of the children are materially promoted should be shown to more than offset the disruptive effects naturally created by uprooting the children from their present environment. See, Curl v. Curl, 526 So.2d 26
(Ala.Civ.App. 1988); Wood v. Wood, 333 So.2d 826 (Ala.Civ.App. 1976).
The evidence produced at the hearing indicates that the mother has been living with her boyfriend, whom she intends to marry. The boyfriend has recently been arrested on a battery charge and has threatened to kill the father and the mother's stepfather. The older child's school teacher testified that the child sometimes arrives at school improperly dressed and disheveled and that the child is hard to control and lacks discipline. The younger child's day care teacher reveals a similar assessment of that child. Both teachers testified that, when the father came back into town and began interacting with the children, the children's attitudes and appearances improved significantly. Employees of the apartment complex where the mother and children reside testified that the mother's apartment was unclean, a "mess," and that the children are often without proper supervision. At the time of the hearing the mother had been laid off from her job, but was looking for employment.
As respects the father, the evidence is extremely limited. It appears that the father is a professional musician and moves quite often. The father did not testify, nor did he offer any evidence of his present financial situation, employment history, or housing arrangements.
The burden of proof was upon the father to show affirmatively that he is "fit" to have the care and custody of the children.See, McLendon. We have diligently searched the record and can find no proof of the father's fitness (or his unfitness, as the case may be) sufficient to justify a change in custody. We observe that the tendencies of the evidence raise serious doubt about the fitness of the mother; however, given the lack of evidence concerning the father's present situation and the fact that the record clearly shows the father has failed to pay child support (which, either in whole or in part, could explain the living conditions of the mother and children), we must reverse the decision of the trial court changing custody of the children from the mother to the father. If the father has evidence which would meet the requirements of proof established by Ex parte McLendon, he should present it to the trial court. The issue of proper custody of minor children is never closed.Vaughn v. Vaughn, 473 So.2d 1090 (Ala.Civ.App. 1985).
We affirm the trial court in its determination of the father's arrearage. We reverse the change of custody and support award and remand the case.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
All the Judges concur. *Page 1126