This is a child custody modification case.
The parties were divorced in 1985. Pursuant to that divorce decree, custody of the parties' three children was awarded to the mother. In 1989, the father sought custody of one of the children.
The court held a hearing in which evidence was presented ore tenus and then awarded custody of the child to the father. The mother appeals, asserting that the change in custody will not materially promote the child's best interest so as to justify uprooting the child from the mother's home.
It is a stringent standard that must be met by the noncustodial parent when he seeks a custody modification.Durham v. Durham, 555 So.2d 1093 (Ala.Civ.App. 1989). Specifically, the noncustodial parent must "show that the child's interests are promoted by the change, i.e., [he must] produce evidence to overcome the 'inherently disruptive effect caused by uprooting the child.' " Ex Parte McLendon,455 So.2d 863, 866 (Ala. 1984).
We have carefully reviewed the evidence in this case and note the following facts: The child in this case testified that she and her mother do not get along, that the mother slaps her, that the mother has gotten drunk and abusive, that the mother does not get up in the morning to help this child or her youngest child get off to school. Evidence revealed that when the child is with her mother, she has to "fend" for herself to ensure that she and her younger sister get ready for school. Further, the oldest child in this family has also left her mother's home and now lives with her grandparents.
The father testified that the child has been left with him, by the child's mother, on previous occasions for the purpose of living with him. Then, after leaving the child with the father, the mother has gone to the child's school and taken the child back to live with her.
Also, the father has since remarried, and this child testified that she likes her stepmother and that she wants to live with her father. While not dispositive, a child's expressed preference to live with one parent is a factor for the trial court's consideration. Miller v. Murphy,555 So.2d 1078 (Ala.Civ.App. 1989). *Page 824 
Although the McLendon standard is a stringent one, we also note that in cases where the trial court receives evidence ore tenus, its judgment is presumed correct on appeal, and this court will not disturb its judgment unless it reflects an abuse of discretion, or is so unsupported by the evidence as to be characterized as plainly and palpably wrong. Mashburn v.Mashburn, 555 So.2d 1123 (Ala.Civ.App. 1989).
We have carefully reviewed the record in this case and find that the trial court's judgment modifying custody is not so unsupported by the evidence as to be plainly and palpably wrong. In short, we find the evidence supports the court's decision to modify custody.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.