ROBERT P. BRADLEY, Retired Appellate Judge.
This case involves post-divorce custody proceedings.
On November 9, 1985 Melissa Walker (mother) and E.B. Walker (father) were divorced in the Mobile County Circuit Court. The decree awarded custody of Parrish, Erin, and Laura Walker, the parties’ three minor daughters, to the mother. However, the decree restricted the mother from taking the children outside of the jurisdiction without permission from the trial court.
On October 26, 1989 the father filed a motion to gain custody of Parrish Walker. The trial court granted the father’s motion, and this court affirmed the trial court’s judgment on appeal. See Walker v. Walker, 568 So.2d 823 (Ala.Civ.App.1990). The mother was given reasonable visitation.
On February 20, 1990 the father filed a motion alleging that the mother had attacked and abused Parrish during visitation and requesting that the mother’s visitation privileges with Parrish be suspended. On March 2, 1990 the father filed a modification request seeking to gain custody of Erin Walker.
On April 4, 1990 the mother filed a motion alleging that the father was in contempt of court for refusing to allow her visitation with Parrish and for failure to pay the child support ordered in the divorce decree. On August 7 the mother filed a motion requesting relief from the provision in the divorce decree which prevented her from taking the minor children outside of the jurisdiction.
On August 20 the father filed an answer to the mother’s contempt complaint denying its allegations and incorporating his two previous motions still pending in the trial court. On August 29, 1990 the father filed an amendment to his previously filed motion and alleged therein that the mother had taken Erin outside the court’s jurisdiction without permission. On September 13, 1990 the father filed a motion for instanter custody of Erin. The trial court granted this motion on September 13, 1990. However, after an ore tenus proceeding, the trial court entered an order on October 23, 1990 setting aside its previous award of instanter custody and restoring custody of Erin to the mother. The trial court also granted the mother’s petition for contempt. The father appeals only from the denial of his petition for custody of Erin.
It is well established that where the trial court renders judgment in a child custody case following an ore tenus proceeding, the judgment is presumed to be correct on appeal and will be disturbed only if it is so unsupported by the evidence as to *554 be plainly and palpably wrong. Mashburn v. Mashburn, 555 So.2d 1123 (Ala.Civ.App.1989). A noncustodial parent seeking a change of custody must prove his own fitness to have custody and must also show that a change in custody would materially promote the child’s best interests and welfare. Mashburn. To meet this burden of proof, it must be shown that the degree of material benefit to the child would more than offset the inherently disruptive effects created by uprooting the child from his or her regular environment. Mash-burn.
The sole issue before us is whether the trial court erred in failing to find that a change of custody would materially promote the best interests of the child.
The father first argues that the circumstances which led to the mother’s losing custody of Parrish should warrant changing custody of Erin. On appeal, the father filed a motion to incorporate the record of the prior custody action into the record of the case at bar. This motion was granted; thus our review of the evidence will include the prior record.
In the custody action concerning Parrish, there was testimony that the mother had a problem with alcohol, that she slapped Parrish, and that she sometimes neglected to get the children ready for school. There was evidence that Parrish had excessive absences from school and was also frequently tardy for classes. However, in the present action concerning the custody of Erin there is no evidence that the mother ever slaps Erin or fails to prepare her for school. On the contrary, various witnesses at the hearing testified to the mother’s fitness as a care giver to the child. There was also opinion testimony from Dr. Elizabeth K. Dany, a clinical psychologist who has examined both Erin and the mother. Dr. Dany opined that a change in custody would be detrimental to Erin and also testified that the mother scored well in a psychological test designed to identify alcoholic tendencies. The record shows that Erin is an excellent student and has not been excessively tardy or absent from school.
The record shows that the mother has remarried and is living with her new husband in Reno, Nevada. The father urges that this recent relocation to another state will be detrimental to Erin. However, the evidence does not show that such a detriment has occurred, nor is there evidence that Erin is unhappy living in a new environment. In fact, Erin testified that she would prefer to live with her mother. While a child’s expressed preference to live with one parent is not controlling, it is a factor to be considered in the trial court’s determination. See Walker v. Walker.
We are mindful of the evidence against the mother that was presented in the prior custody proceeding and which resulted in the mother losing custody of Parrish. However, we do not find that this evidence should be afforded greater weight than the facts that directly pertain to the mother’s relationship with Erin. In light of the facts relating to Erin’s custody and the presumption of correctness afforded to the trial court, we cannot say that the trial court’s judgment was so palpably wrong as to warrant reversal. Accordingly, its judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.