This is a child custody modification case.
Melanie R. Boyd Powell (mother) and Bret D. Boyd (father) were divorced on October 22, 1987. The trial court incorporated into its final judgment of divorce an agreement between the parties. Pursuant to this agreement the full care, custody, and control of the parties' two sons, ages four years and one and a half years, was awarded to the father, subject to the mother's liberal visitation rights.
On October 17, 1989, the mother filed a petition to change custody. In her petition, the mother alleged that the father was deliberately and unreasonably preventing her from exercising her visitation rights and that a significant change in circumstances had occurred since the final judgment of divorce. The trial court conducted a hearing on August 15, 1990, on the mother's petition to change custody. At the *Page 1040 
close of the mother's case-in-chief, the trial court entered a directed verdict for the husband, denying the mother's petition to modify custody because she had not met the burden of proof to effect a change in custody.
On January 9, 1991, less than five months later, the mother filed another petition to change custody, alleging that there had been a material change in circumstances effecting the welfare of her sons since the last judgment. The petition alleged that the father's wife (stepmother) was the principal caretaker of the boys and that she had spent approximately thirty days in psychiatric care since the last hearing. The petition also alleged that the mental condition of the stepmother was having a detrimental effect on the boys. Further, the petition alleged that the mother has continued to find bruises on her youngest son and that these bruises were the result of excessive punishment by the stepmother.
Following an ore tenus proceeding, the trial court again denied the mother's petition to change custody. The trial court found that the mother had "failed to demonstrate to the [trial court] that [the father] and his wife are unfit parents, that [the mother] can provide a better home or environment for the children, or that a move would materially benefit the welfare and best interests of the children."
The mother's post-judgment motion was denied, and she appeals.
The issues raised by the mother on appeal are whether the trial court's failure to find a substantial change of circumstances was an abuse of discretion, and whether the trial court erred by having an in camera discussion with a material witness.
It is well-established law in Alabama that once a parent has been awarded custody of a child, the noncustodial parent seeking a change of custody must show that a change in custody would materially promote the child's best interests and welfare to such a degree that more than offsets the disruptive effect created by uprooting the child from his regular environment.Ex parte McLendon, 455 So.2d 863 (Ala. 1984). It is also well established that a trial court's judgment as to child custody following an ore tenus proceeding is presumed to be correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong or an abuse of discretion. Walker v. Walker, 582 So.2d 552 (Ala.Civ.App. 1991); Mashburn v. Mashburn, 555 So.2d 1123 (Ala.Civ.App. 1989).
At trial the mother testified that on three separate occasions, when she received the boys for the weekend, she noticed that the youngest son had bruises on the inside of his thighs on both legs, on his left hip, on the back of his right leg, and on his forearms. The mother took photographs of all of the aforementioned bruises, and these photographs were admitted into evidence at trial. The mother testified that on two of these occasions the youngest son said his step-mother spanked him with a belt. The mother also testified that the oldest son told her that the step-mother spanked them with a belt. During her testimony, the mother stated that her sons told her of specific instances when their stepmother had grabbed them or yelled at them. The mother also testified that the father forced the youngest son to wear a diaper after the child urinated in his bed. The remainder of the mother's testimony concerned the various school and athletic activities she participated in with her sons.
The father testified that the youngest son received the bruises to the various parts of his body depicted in the photographs from skateboarding and from falling in the springs of a trampoline. The father admitted that he forced the youngest son to wear a diaper because the youngest son had intentionally urinated in bed. The father stated that the youngest son told him that the reason he had urinated in bed was because he didn't feel like getting out of bed in order to use the bathroom. The father also testified that, in accordance with a prior court order, he and the stepmother had enrolled in parenting skills classes through Parents Anonymous and that both of his sons had talked to a counselor. *Page 1041 
A further recitation of the various witnesses' testimony would serve no useful purpose in this appeal. We have carefully reviewed the record in this case, and we find that the trial court's judgment denying the mother's petition to change custody is not plainly and palpably wrong or an abuse of discretion.
The mother also contends that the trial court improperly held an in camera discussion with the step-mother after all of the evidence was presented. In its order denying the mother's post-judgment motion, the trial court stated that the in camera discussion was had with the agreement and permission of counsel for both the mother and the father, that the court had already reached a decision in the case before talking with the stepmother, that the court neither solicited nor received any additional evidence in the conference, and that the sole purpose for the conference was to admonish her not to allow fear or concern of future litigation deter her from seeking any psychological or psychiatric care she might need in the future. We find that if the trial court erred, such error was harmless in this case.
Accordingly, this case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.