THIGPEN, Judge.
This ease involves child custody and child support.
Byron L. Pugh and Jana C. Birdwell were divorced in June 1984, and custody of their minor child was awarded to Birdwell. In accordance with an agreement of the parties, on July 29, 1991, the trial court entered an order setting Pugh’s support obligation at $347.04 per month. Pugh filed a petition for modification on October 1, 1991, seeking custody of the child and child support from Birdwell. The State of Alabama, on behalf of Birdwell, filed a petition on October 2, 1991, seeking to have Pugh held in contempt for failure to pay court-ordered child support. In February 1992, the trial court denied Pugh’s petition for modification regarding custody and child support. The trial court additionally found Pugh in contempt, and entered a judgment against Pugh for his support ar-rearage. The trial court also modified Pugh’s visitation schedule and, inter alia, ordered that the child’s residence was to be maintained at the home of the maternal grandparents, unless the trial court issued a written consent allowing him to be moved. Pugh’s post-judgment motion was denied and he appeals pro se.
Pugh contends on appeal that the trial court abused its discretion in denying him custody of the child and, alternatively, that the trial court erred in failing to lower Pugh’s support obligation.
It is well established that where the trial court renders judgment in a child custody case following an ore tenus proceeding, that judgment is presumed correct and will be disturbed on appeal only “if it is so unsupported by the evidence as to be plainly and palpably wrong.” Mashburn v. Mashburn, 555 So.2d 1123, 1124 (Ala.Civ.App.1989). A noncustodial parent seeking a change in custody must prove his own fitness to have custody and must also show that a change in custody would materially promote the child’s best interests and welfare. Mashburn, supra. In order to meet this burden of proof, the noncustodial parent must show that the material benefit to the child would more than offset the inherently disruptive effects created by uprooting the child from the present environment. Mashburn, supra.
Testimony revealed that since the divorce, the child had lived almost continuously with his maternal grandparents. The grandparents are actively involved in raising the child, and Pugh acknowledges that they have done a good job. There is evidence that Birdwell has lived intermittently with her parents and her child, and she has an unstable work history. The record also indicates the existence of hostility and tension between the child’s parents.
While recognizing that Birdwell’s behavior as a parent has not been exemplary, we nevertheless cannot find that Pugh has met the heavy burden of proof required to justify a change in custody. Mashburn, supra. Therefore, we affirm the trial court’s judgment denying Pugh’s petition to change custody of the child.
Pugh next argues that the trial court should have lowered his child support payments pursuant to Rule 32, Ala.R.Jud.Admin. We note that issues of child support and its modification are within the sound discretion of the trial court, and its judgment will be reversed only upon a showing of abuse of that discretion. Thompson v. Hove, 596 So.2d 939 (Ala.Civ.App.1992).
The record reveals that as of July 29, 1991, the parties agreed that the proper amount under the guidelines for Pugh to *48 pay was $347.04 per month. Rule 32(A)(i), A.R.J.A. Pugh initiated the modification action on October 1, 1991, approximately two months later. Although he did not appeal the July 1991 order, Pugh unpersua-sively argues that his income was incorrectly calculated, and that his monthly support payments should be lowered correspondingly.
When the decree fixing the amount of child support is based on an agreement between the parties, the decree should not be modified except for clear and sufficient reasons, and after thorough consideration and investigation. Tucker v. Tucker, 588 So.2d 495 (Ala.Civ.App.1991). Pugh agreed to pay $347.04 only two months prior to filing his modification request. A modification is particularly disfavored when so short a period of time separates the decree and the modification request. Tucker, supra. Pugh has not proven a change in circumstances sufficient to warrant modifying his support obligation at this time. Rule 32(A)(2), A.R.J.A. We additionally note that the trial court expressly advised Pugh that the evidence was consistent with the obligation ordered and that it would be willing to reconsider when appropriate.
Ancillary to the support issue, Pugh indicates that the trial court erred in finding him in contempt; however, he fails to properly present the contempt finding as an issue and therefore, we will not consider it. Rule 28, A.R.App.P. Lockett v. A.L. Sandlin Lumber Co., 588 So.2d 889 (Ala.Civ.App.1991).
For the above reasons, the judgment of the trial court is due to be, and it is hereby, affirmed. The mother’s request for an attorney’s fee is denied.
AFFIRMED.
ROBERTSON, P.J., concurs.
YATES, J., concurs in the result.