ROBERTSON, Presiding Judge.
On November 5,1991, Lori Ann Gooch and Richard Darryl Gooch were divorced by the Colbert County Circuit Court. The judgment of divorce ratified and incorporated an *1383 agreement entered between the parties, whereby the mother received custody of the parties’ two minor children, a son and a daughter, and the father was granted certain visitation rights. The trial court also ordered the father to pay child support in the amount of $85 per week except during the three summer months, for which he had extended visitation with the minor children.
In May 1992, the mother left the minor children with the father while she attended school in Nashville, Tennessee. The mother and the father agreed that, while the father had custody of the minor children, he would not pay child support and that, if he retained custody of the children for the entire year of the mother’s schooling, then she would forgive his child support arrearage. On July 7, 1992, the State filed a petition to have the father held in contempt of court because of an arrearage in his child support obligation. On October 23, 1992, the State dismissed its petition because the mother had moved out of the State of Alabama. In November 1992, the mother returned to Alabama and removed the minor children from the father’s custody and took them to live with her in Tennessee. On December 22, 1992, the father filed a petition for custody of the minor children, alleging that the mother had abandoned the minor children from May 1992 until November 1992 and that the mother was cohabiting with her boyfriend. The father further alleged that the mother was not properly feeding, clothing, or caring for the minor children and that the parties’ daughter had reported that the mother’s boyfriend had sexually abused her. The mother answered and counterclaimed, requesting the trial court to hold the father in contempt of court for failing to pay child support.
The mother’s petition to have the father held in contempt of court and the father’s petition for custody were set for hearing on February 25, 1993. That same day, the parties informed the trial court that they had reached a temporary agreement regarding the father’s visitation with the children and regarding his child support obligation. The trial court entered an order ratifying the temporary agreement and continued the cause for a final hearing on the father’s petition for custody. The final hearing on the father’s petition for custody was eventually held on July 2, 1993, at which time the minor children were in the father’s custody for summer visitation.
Following an ore tenus proceeding, the trial court entered a judgment awarding custody of the minor children to the father for so long as he resides with his parents. The mother was awarded reasonable visitation rights, with all visitation to occur in Alabama. The mother filed a motion for a new trial, which was denied.
The mother raises numerous issues on appeal, some repetitive, regarding the applicable law, disputed facts, and undisputed facts.
It is well established that the judgment of the trial court as to child custody following an ore tenus proceeding is presumed correct and will not be disturbed on appeal unless it is unsupported by the evidence so as to be plainly and palpably wrong or an abuse of discretion. Powell v. Boyd, 601 So.2d 1039 (Ala.Civ.App.1992). Under the ore tenus rule, a presumption of correctness accompanies the trial court’s judgment when, after hearing disputed testimony, it has made findings of facts. Highway Dept. v. Stuckey’s/DQ of Grand Bay, 613 So.2d 333 (Ala.1993); Ex parte P.G.B., 600 So.2d 259 (Ala.1992).
The mother argues that the trial court failed to use the proper standard in the custody modification, because the trial court stated: “[I]t will be in the best interest and welfare of the minor children, ... that they be in the permanent care, custody, and control of [the father],...” We agree with the mother that the father had the stricter burden of proof as set out in Ex parte McLendon, 455 So.2d 863 (Ala.1984).
In its judgment awarding custody of the minor children to the father, the trial court found, based on the testimony and the other evidence before it, that it was in the minor children’s best interests and welfare for them to remain in their father’s custody. The trial court also found “that the mother has not properly cared for the [minor] children in that it appears to the Court from the photographs that she has been living with the *1384 [minor] children in a dilapidated trailer in Tennessee”; that “the [minor] children appear to be poorly fed, bathed, and clothed”; and that “there has been an allegation of sexual abuse by one of the mother’s boyfriends.”
The record evidence supports the trial court’s findings of facts in this case. We find those facts to sufficiently support a change of custody under the McLendon standard.[1] The mother contends that since the trial court used the words “best interest,” the trial court used the wrong standard to determine custody. We cannot determine from the record that the trial court did not apply the McLendon standard in making its determination. Even so, a correct judgment will be affirmed if it is proper on any legal basis, even if the trial court gives a wrong reason. Boykin v. Magnolia Bay, Inc., 570 So.2d 639 (Ala.1990); Tucker v. Nichols, 431 So.2d 1263 (Ala.1983). The mother has failed to show that the judgment of the trial court is plainly and palpably wrong.
The mother also contends that the trial court erred in placing certain restrictions on her visitation rights. Each case involving a noncustodial parent and his or her visitation rights requires an examination of the facts and circumstances of the individual situation. Andrews v. Andrews, 520 So.2d 512 (Ala.Civ.App.1987). Clearly, the trial court was considering the best interests and welfare of these minor children by restricting the mother’s visitation with the children to the State of Alabama, considering that the alleged abuse of one of the minor children occurred in Tennessee. After reviewing the record and the circumstances of this ease, we cannot hold that the trial court abused it discretion by restricting the mother’s visitation with the children to the State of Alabama.
Finally, the mother has failed to show that the trial court abused its discretion by denying her motion for a new trial. Franklin v. Cannon, 565 So.2d 119 (Ala.1990).
The judgment of the trial court is due to be affirmed.
The wife’s request for an attorney fee on appeal is denied.
AFFIRMED.
YATES, J., concurs.
THIGPEN, J., dissents.

. We note that the children were already living with the father when the change in custody was ordered and have continued to live with the father since.