L. CHARLES WRIGHT, Retired Appellate Judge.
The parties, who are Mexican Nationals, were divorced by the Baldwin County Circuit Court on November 19, 1993. The divorce judgment incorporated an agreement between the parties. The mother was awarded custody of the parties’ minor daughter, and the father was awarded custody of the parties’ minor son. The trial court ordered the father to pay $109.04 per month child support. The judgment further provided that “[njeither party shall remove the minor children from the State of Alabama without express written permission from the other party.”
On November 13, 1995, the mother filed a motion to modify, requesting that she be awarded custody of the parties’ minor son and that the father be ordered to pay child support for the son. The father answered and counterclaimed, seeking a reduction in his child support obligation. Following oral proceedings, the trial court entered a judgment, stating, in pertinent part:
“2. There has been a substantial material change of circumstances since the entry of the [divorce judgment] in that the [father] has sent the minor child of whom he has custody back to Mexico to reside with relatives there. Further, the [father] does not intend to have the child reside with him in the United States. Further, the [father] has prevented the [mother] from exercising reasonable visitation with the minor child in Mexico.
“3. It is unclear as to what the exact status of the minor children is with regard to the United States Immigration. Regardless of their status at this time, there is the possibility of approved residency in the United States at some point of time in the future.
“4. The [mother] is the fit and proper person to have custody of the minor children. She is a loving mother and desires to have legal and physical custody of both of her children. She will allow reasonable visitation by the [father].
“5. That there has been a substantial material change in circumstances since the entry of the [divorce judgment] in that the Court finds that the [mother] desires to have legal and physical custody of both minor children and to keep them together as a family....”
The trial court awarded the mother custody of the minor son and ordered the father to pay $364 per month child support. The trial court also entered a judgment in favor of the mother and against the father in the amount of $1,540 for child support arrearage. The father filed motions for a new trial and to amend the judgment, which were denied.
*534 The father appeals, raising two issues: whether the trial court erred in finding that the mother met the requirements of the standard set forth in Ex parte McLendon, 456 So.2d 863 (Ala.1984), and whether the trial court used the correct figures in calculating the father’s child support obligation.
It is well-established law in Alabama that once a parent has been awarded custody of a child, the noncustodial parent seeking a change in custody has the heavy burden of proving that a change of custody would materially promote the child’s best interests and welfare and that the benefits of such a change would outweigh the disruptive effect caused by the change. Ex parte McLendon, supra; Powell v. Boyd, 601 So.2d 1039 (Ala.Civ.App.1992). It is also well established that following an ore tenus proceeding, the judgment of the trial court as to child custody is presumed correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong or an abuse of discretion. Powell, supra.
The record reveals the following facts: The mother testified that she agreed to give the father custody of the minor son and that the son lived in Fairhope until September 1994, when the father took him to Mexico. She testified that she did not give the father permission to take the son to Mexico and that the son is living with his paternal uncles in Mexico. The mother admitted that the son is thirteen years old and that he does not want to live with her and her new husband. She also testified that she went to visit the son in July 1995, but that she was allowed to visit with the son for less than a day.
The mother testified that she cleans houses, that her 1994 income was $8,000, and that she earned $10,000 in 1995. The mother also testified that she is a Mexican citizen, but she has been a permanent resident in the United States for three years. She further testified that neither of the minor children has “papers,” but she has sent an application to the United States Department of Immigration to get them “papers.”
On cross-examination, the mother testified that the son is a Mexican citizen, that he goes to a private school in Mexico, and that he receives free medical care in Mexico. She admitted that she told the father that she wanted legal custody of the son and that the son could stay in Mexico. She testified that the father would not agree to give her legal custody of the son and that she now wants both legal and physical custody of the son.
The mother also admitted that the father travels between Mexico and the United States. The mother testified that she arrived in Mexico at midnight in July 1995 and was told that the son was at church camp. She admitted that after the son came back from church camp, she was allowed to visit with him. She also admitted that if she were awarded custody of the son, he would have to sleep in the living room of her trailer, rather than having a room of his own.
The father testified that he spends approximately six months in Fairhope and approximately six months in Mexico. He testified that he is employed as a waiter in Fairhope and that he usually makes $200 per week. The father testified that he also cuts grass in the spring and summer, but he does not cut grass in the winter. He also testified that when he is in Mexico, he makes $20 per day.
The father testified that he has been saving his money to open a business in Mexico, that he plans to live in Mexico, and that he has spoken to the son about his plans. He testified that he took the son, who was not legally in the United States, back to Mexico because the son wants to live in Mexico. The father also admitted that the daughter is not legally in the United States.
The father testified that the son does not want to live with the mother and that every time the mother asks the son if he wants to live with her, the son says, “No.” He also testified that the son does not want to live with the mother because when the family lived in Mexico, the mother hit the parties’ children. The father further testified that when he was in the United States and the mother and the parties’ children were in Mexico, the mother locked the children in the house and hit them. He also testified that in July 1995, the mother called him, informing him that she wanted to visit the son the next *535 week, and that he told her that she should have called sooner because the son would be in church camp that week.
This court has held that “while a change in the custodial parent’s residence is a factor to be considered in determining whether a material change of circumstances has occurred, a change in the custodial parent’s residence alone does not necessarily justify a change in custody.” Means v. Means, 512 So.2d 1386, 1388 (Ala.Civ.App. 1987). See also Martin v. Ellis, 647 So.2d 790 (Ala.Civ.App.1994). Additionally, “[pjroblems encountered in carrying out visitation orders are not alone sufficient to necessitate [a] change in custody.” Means, 512 So.2d at 1389.
After carefully reviewing the record, we conclude that the mother failed to prove that a change of custody would materially promote the son’s best interests and welfare and that the benefits of such a change would outweigh the disruptive effect caused by the change. Therefore, we conclude that the trial court’s judgment is so unsupported by the evidence as to be plainly and palpably wrong and that the trial court’s change of custody was an abuse of discretion. Consequently, the trial court’s calculation of the father’s child support obligation was also error.
The judgment of the trial court is reversed and this cause remanded to the trial court for the entry of an order consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
All the Judges concur.