This is a divorce case. The husband appeals from the denial by the Circuit Court of Montgomery County of his petition to modify alimony payments pursuant to a divorce decree.
The parties were divorced in May of 1980. At that time, the separation agreement drawn up by the two parties was incorporated into the divorce decree. In pertinent part the separation agreement provided that the wife would have custody of the two children; that the husband would pay $375 per month as child support until the children reach majority and $400 per month in alimony until the death or remarriage of the wife; and the husband and wife would maintain their joint title to the home and ten acres adjacent to the house but that the wife would live in the house and enjoy the use of the one acre of land immediately adjacent to the house. In addition, the husband also agreed to make the monthly mortgage payments on the home, plus homeowner's insurance for a total of approximately $500 to $525 per month. The husband also agreed to make car payments and insurance payments on the automobile in the wife's possession. There were additional agreements as to other real and personal property and payment of debts. *Page 890 
The wife has previously filed two contempt citations against the husband. Following the second contempt citation, the court ordered the home and ten acres sold with part of the proceeds used to purchase another home for the wife and children, and the remaining proceeds divided between the wife and held in trust for the two children. This transaction relieved the husband of paying $500 to $525 per month in mortgage and insurance as the wife assumed responsibility for mortgage and insurance on the new residence.
In April of 1982, the husband filed a petition for modification and averred there was a material change in circumstances in that he had experienced a decrease in income while the wife had obtained training and employment. The husband asked for relief from making further alimony payments and from making payments on the wife's car. He did not ask for any change in the child support provisions.
The trial court, after an ore tenus hearing, entered an order acknowledging "some changes in the circumstances of the parties," but denied the petition for modification as "there is not such a material and substantial change in circumstances to justify such a modification." From this order, the husband through able counsel appeals, and we affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in finding there was not such a material and substantial change in circumstances to justify a modification.
At the onset we note our well-established rule on appeal that where the trial judge hears the evidence ore tenus his judgment will be presumed correct. E.g., Roberts v. Roberts,395 So.2d 1035 (Ala.Civ.App. 1981), 2A Ala. Digest, Appeal Error, Key Nos. 931 (1), 1008.1 (6). The modification of a prior decree for alimony, based upon changed circumstances of the parties, is a matter largely within the sound discretion of the trial court and the exercise of that discretion will be disturbed on appeal only if, after reviewing the evidence, this court finds such an abuse of discretion as to make the judgment plainly and palpably wrong. E.g., Roberts v. Roberts, supra; Childress v.Childress, 378 So.2d 1147 (Ala.Civ.App. 1979). Furthermore, the burden of proving a material change in circumstances sufficient to warrant a modification of a previous decree relating to periodic alimony is on the petitioner. E.g., Jenkins v.Jenkins, 406 So.2d 976 (Ala.Civ.App. 1981); Matthews v.Matthews, 404 So.2d 692 (Ala.Civ.App. 1981). When, as in this case, a provision for periodic alimony is based upon the agreement of the parties, that provision should not be modified without close scrutiny, especially where so short a time, here two years, separates the decree and the hearing for modification. Roberts v. Roberts, supra; Taylor v. Taylor,369 So.2d 1240 (Ala.Civ.App. 1978), cert. denied, 369 So.2d 1243
(Ala. 1979).
Although the husband, in an excellent brief, submits numerous contentions of a material change in circumstances, the heart of the matter is his allegations that he has suffered a 50% to 60% decrease in income, and is facing both personal bankruptcy and the bankruptcy of his construction company. Our careful review of the record, viewed with the attendant presumptions, reveals the following:
At the time of the initial settlement, the husband anticipated a yearly income of approximately $86,000. Since then he has suffered business reversals in both his engineering company and his construction company. Testimony by his attorney, hired to handle bankruptcy proceedings, indicated bankruptcy filings were being prepared for the construction company and the husband personally, but they were hoping to save the engineering company.
Notwithstanding these business reversals, the husband testified on direct that his "actual income now is $25,000 a year. . . . If you put my rentals to it, it runs it up around $30,000.
While we recognize the husband has had a marked decrease in his income, and that he is currently indebted including a debt to the Internal Revenue Service, we cannot, in *Page 891 
light of the presumption favoring the trial court's judgment, say a denial of his petition is an abuse of discretion. We cannot reverse unless the trial court's decision is "palpably wrong." Roberts v. Roberts, supra.
 "When an appellate court dutifully considers the trial evidence and is uncertain therefrom as to whether alimony should, or should not, have been modified, the party having the burden of persuasion has failed to overcome the presumption of correctness; for, under such circumstances, it is not easily perceptible, or plain, or obvious, etc., that the trial court was erroneous in rendering the judgment. . . ."
Snow v. Snow, 393 So.2d 1020, 1022 (Ala.Civ.App. 1981).
The husband, according to his own testimony, still has an income of $30,000, and presumably can still pay both his alimony and child support obligations. As such, it was not palpably wrong for the trial court to deny the husband's petition.
The husband also contends that the fact the wife, who was unemployed at the time of divorce, received additional training and is now employed constitutes a material change. While true that the wife's financial status is a factor to be considered in a modification hearing, Matthews v. Matthews, supra, we cannot say the trial court abused its discretion in apparently finding the wife's improved condition did not constitute a sufficient material change.
The wife's employment at the time of the trial was for thirty-two hours a week, and was probationary. Her gross pay was $440 a month. Her house payments, including insurance, are approximately $423 a month — an expense formerly borne by the husband. In addition, her child care expenses while she works cost her approximately $225 per month. The wife's attempt to better her situation, as commendable as it is, has not made her financially independent of the alimony payments. In fact, she testified that even with the alimony she is barely making ends meet.
Again, as indicated, in light of the fact the husband still has an income of $30,000, the sharp decrease in his income has not rendered him unable to meet his alimony obligation, and therefore does not mandate a modification. Cf. Shirley v.Shirley, 397 So.2d 156 (Ala.Civ.App. 1981). For this court to reverse would require us to substitute our judgment for that of the trial court. This we are not permitted to do. Sutton v.Sutton, 55 Ala. App. 254, 314 So.2d 707 (1975).
We therefore find no abuse of discretion, and affirm.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.