This is a divorce case.
The parties were divorced in January 1985 by the Circuit Court of Mobile County. The divorce decree, which incorporated the terms of the parties' written agreement, required the husband to pay the wife alimony of $400 per month and to maintain medical and hospital insurance coverage for the wife.
In 1987 the husband filed a motion to modify the divorce decree, seeking to terminate his alimony and insurance obligations thereunder. Following ore tenus
proceedings, the trial court granted the husband's motion.
The wife appeals. We affirm.
The matter of alimony, as well as the requirement that the husband provide medical insurance for the wife, is entrusted to the discretion of the trial court. This court will not set aside its judgment regarding the same unless an abuse of that discretion is established. Craig v. Craig,516 So.2d 695 (Ala.Civ.App. 1987); Phillips v. Phillips,515 So.2d 8 (Ala.Civ.App. 1987).
It has long been the law in this state that the award of periodic alimony may be modified by the trial court at any time upon a showing of a material change in circumstances. SeeHartigan v. Hartigan, 272 Ala. 67, 128 So.2d 725 (1961).
Since the sole purpose of periodic alimony is the support of the dependent former spouse, the trial court may terminate periodic alimony when, for any reason, it is no longer necessary for such support. Allen v. Allen,477 So.2d 457 (Ala.Civ.App. 1985).
However, the burden is upon the party seeking modification to show that a material change in circumstances has occurred.Jeffcoat v. Jeffcoat, 423 So.2d 888 (Ala.Civ.App. 1982). Moreover, where the provision for periodic alimony is based upon the agreement of the parties, as it was in this case, such provision should not be modified without close scrutiny, especially where a short time period, also as in this case, separates the divorce hearing and the hearing for modification. Jeffcoat, 423 So.2d 888; Roberts v.Roberts, 395 So.2d 1035 (Ala.Civ.App. 1981).
With these legal principles in mind, we can only conclude that the trial court did not abuse its discretion in determining that the husband showed a material change in circumstances, justifying the termination of his alimony and insurance obligations under the divorce decree. We would note that the parties in brief treat the husband's insurance obligation as being subject to modification, as alimony. Therefore, this court will also treat the insurance obligation in this way.
The record reveals that, approximately ten months prior to the parties' divorce, the wife was seriously injured in an automobile accident which rendered her a quadriplegic. She required extensive hospital and rehabilitative care.
In their written divorce agreement the husband agreed to pay the wife $400 per month alimony and to keep the wife "insured medically for any and all medical, hospital, doctor, drug, and any other such costs and shall be responsible for the cost of any medically related bills, whether insured against or not." There was evidence that, at the time the divorce was executed, *Page 869 
the husband was already providing the wife with medical insurance, but that he apparently knew that such existing insurance would expire in January 1987.
In March 1985 the wife filed suit against General Motors Corporation and other defendants for the injuries she received in the automobile accident, claiming damages for her past, present, and future medical expenses. That suit was settled in early 1987. Under the terms of the structured settlement agreement, the wife was essentially provided with compensation for the rest of her life. Among other things, General Motors Corporation purchased a 1.1 million dollar annuity for the wife.
At the ore tenus proceedings in this case, the husband presented the testimony of a CPA whom he had requested review the wife's structured settlement with General Motors. The CPA's written financial summary, which was placed into evidence, indicated that the wife will receive increasing amounts from the annuity each year for approximately the next forty-five years. The CPA testified that for the next thirty years, whether she lives or not, the wife will receive payments totalling over 3.5 million dollars.
As already stated, alimony may be terminated by the trial court when it is no longer necessary for the support of the former spouse. Allen, 477 So.2d 457. Alimony may no longer be necessary where it is shown that the spouse has become self-supporting. "Such self-support constitutes in itself such a material change in the circumstances as to authorize the termination of periodic alimony by the trial court." Allen, 477 So.2d at 458.
Clearly, the evidence of the wife's substantial recovery for her personal injuries could well have been considered by the trial court as a material change in circumstances, justifying the termination of the husband's alimony and insurance obligations under the divorce decree because the wife has become self-supporting.
The wife contends, however, that the husband should not be relieved of his alimony and insurance obligations because the change in the wife's circumstances could have been anticipated. There are apparently no Alabama cases directly on point.Cf. Roberts, 395 So.2d 1035; Colton v.Colton, 252 Ala. 442, 41 So.2d 398 (1949).
We find such a principle inapplicable in this case. Clearly, neither the husband nor the wife could have anticipated that the wife would receive such a substantial recovery in her personal injury action, even though they intended to file suit for the same at the time of their divorce.
The wife also contends on appeal that the trial court erred in modifying the husband's alimony and insurance obligations because it was without authority to relieve him of accrued alimony and medical expenses.
We agree with the wife that a trial court may not relieve a spouse on petition for modification of obligations under the divorce decree that have already accrued. See Whitt v.Whitt, 276 Ala. 685, 166 So.2d 413 (1964). This principle, however, has no application to the instant case.
In fact, we are a bit perplexed by this contention by the wife. Even a cursory reading of the trial court's order reveals that it does not relieve the husband of any accrued debts or obligations to the wife. Rather, the trial court ordered only "[t]hat the alimony payments and the [husband's] responsibility to maintain medical insurance on the [wife] are hereby terminated as of this date." (Emphasis supplied.)
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur. *Page 870