INGRAM, Presiding Judge.
The parties were divorced in January 1987. In February 1988, the wife filed a petition for rule nisi and modification, alleging that the husband had failed to abide by the terms of the divorce by failing to provide adequate verification of his income, failing to pay alimony and child support, and failing to pay the medical expenses as ordered. Following an ore tenus proceeding, the trial court found the husband in arrears in child support and alimony payments in the amount of $19,874.73. From this order the husband appeals.
The 1987 decree, incorporating an agreement of the parties, provided that the husband would pay an amount equal to 22.5 percent and 32.5 percent, respectively, of his net income every month for child support and alimony. Net income was defined as income from any source whatever, less allowances for F.I.C.A. taxes and federal, state, and local withholding taxes.
At trial, the husband admitted that he was not current in his support obligations. On appeal, however, he contends that the trial court erred in its calculation of the arrearage amount by failing to consider the F.I.C.A., state, local, and federal withholding allowances when computing the arrear-age.
A substantial amount of evidence, both oral and documentary, was presented at the hearing concerning the husband’s income. There were discrepancies concerning the actual amount of income the husband made. In fact, at one point in the testimony the husband admitted to making monthly deposits equivalent to several times the income that he purportedly claimed during the period in question.
In its order calculating the arrears, the trial court found the following:
“The Court notes that Defendant contends his net income for the period subject to this cause as being $88,481.17 shown by Defendant’s Exhibit # 1 ($7,587.45 for 1986; $43,548.00 for 1987; $30,578.36 for 1988; and $6,767.36 through April 1989) using three exemptions. Without using three exemptions and using other evidence in this cause the net income for the year 1987 would be $58,378.87 ($67,469.07 gross income less amounts shown for Social Security tax of $3,578.60 and federal income tax withholding of $5,511.60 on W-2 form) and for 1988 would be $36,733.81 ($43,-298.50 less deductions shown on W-2 form of $3,688.90 federal taxes withheld and $2,875.79), an amount substantially in excess of three exemptions. The Court further notes that without using the aforesaid three exemptions as a deduction and using Defendant’s income figures, there would be an almost equivalent support.
“The Court is of the opinion, however, that Defendant’s income was in excess of that shown by his W-2 form and tax returns. The Court finds the income subject to the 55% factor for the subject period to be $109,481.18 thereby yielding the aforesaid $19,874.73.”
The determination of arrearage by the trial court will not be disturbed unless it is not supported by the evidence and is plainly erroneous and manifestly unjust. Culverhouse v. Culverhouse, 389 So.2d 937 (Ala.Civ.App.1980).
In view of the fluctuating evidence concerning the husband’s actual income and the trial court’s careful calculation, it seems clear that the evidence supports the trial court’s determination of the arrear-age. Accordingly, this case is affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.