This is a post-divorce modification case.
The parties were divorced in August 1989. At that time, the parties entered into an agreement which was incorporated into the divorce decree. In pertinent part, the divorce decree provided that the wife would have custody of the parties' two children; that the husband would pay $1,190.00 per month in child support; and that the husband would pay $100.00 per month to the wife as periodic alimony. In response to the court's judgment of divorce, the husband filed a motion to set aside the consent decree and reset case for trial alleging, among other things, that he had been intimidated at the time he entered into the settlement agreement. After an evidentiary hearing, the court denied the motion, finding that the parties had been represented by counsel and had entered the agreement freely without fraud or duress.
In January 1990, the wife filed a motion to modify the property settlement, and the husband responded. In May 1990, the husband filed a counterclaim seeking a reduction in his child support obligation based on changed circumstances. The wife filed an answer to the counterclaim as well as motions for rule nisi alleging violations of the divorce decree with regard to alimony and visitation. After an ore tenus proceeding on all motions in October 1990, the trial court issued an order reducing the amount of child support to $876.00 per month. Soon after, the trial court issued an order ex mero motu setting the child support at $888.75. The wife filed a motion to alter or amend the judgment and for an order nunc pro tunc with regard to the decrease in the amount of child support and with regard to alimony, visitation, and attorney fees. In February 1991, the trial court granted the motion to alter or amend and for the order nunc pro tunc, restoring the child support to its original amount of $1,190.00 per month. It is from this order that the husband appeals.
The issue on appeal is whether the trial court abused its discretion in finding that there was no material change in circumstances to warrant modifying the child support obligation in accordance with Rule 32, A.R.J.A.
Initially, we note our well-established rule that where a trial court receives evidence ore tenus, its judgment will be presumed correct on appeal. Roberts v. *Page 497 Roberts, 395 So.2d 1035 (Ala.Civ.App. 1981). The modification of a prior decree based upon changed circumstances of the parties is largely within the sound discretion of the trial court, and we will disturb the exercise of such discretion only when it is abused to the extent that the judgment is plainly and palpably wrong. Roberts, supra. When, as in this case, the decree fixing the amount of support is based on an agreement between the parties, the decree should not be modified except for clear and sufficient reasons and after thorough consideration and investigation. Taylor v. Taylor,369 So.2d 1240 (Ala.Civ.App. 1978), cert. denied, 369 So.2d 1243 (Ala. 1979); Hutton v. Hutton, 284 Ala. 91, 222 So.2d 348 (1969). We also note that a modification is particularly disfavored in the case of a decree based on an agreement between the parties when so short a time, here approximately fourteen months, separates the decree and the hearing for modification. SeeJeffcoat v. Jeffcoat, 423 So.2d 888 (Ala.Civ.App. 1982);Roberts, supra; Taylor, supra.
Our careful review of the record, viewed with the attendant presumptions, reveals that the husband's income at the time of the initial decree was disputed. At the time of the modification hearing, however, the trial court found that the husband's annual income was $50,000.00, which was an $11,000.00 annual reduction since the original divorce decree. In light of the presumption favoring the trial court's judgment, and especially given the short period of time between the divorce decree and the hearing for modification, the order restoring the child support to its original amount is not an abuse of discretion. We cannot reverse unless the trial court's decision is palpably wrong. Jeffcoat, supra; Roberts, supra.
We would point out that the husband testified that he is paid on a commission. He was aware at the time of the settlement agreement that his income was subject to fluctuation, yet he entered the agreement freely and voluntarily.
The husband further contends that the wife, who was unemployed at the time of divorce, is now working and has a gross income of approximately $12,500.00 per year. It is certainly true that a wife's financial status is a factor in a modification hearing; however, we cannot say that the trial court abused its discretion in apparently finding the wife's improved financial situation did not constitute a sufficient material change to justify a modification. Jeffcoat, supra;Matthews v. Matthews, 404 So.2d 692 (Ala.Civ.App. 1981).
Given that the husband still has an income of $50,000 per year, a sufficient amount to enable him to meet his support obligation, and that the time period between the divorce decree and the modification hearing is a mere fourteen months, a modification at this time is simply not warranted.
We therefore find no abuse of discretion, and affirm.
The wife's requests for damages and attorney fees are denied.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.