THIGPEN, Judge.
This is a child support case.
Samuel L. Love, Jr. (father), and Elizabeth B. Love (mother) divorced in October 1984. The mother was awarded custody of their minor son, and the father was ordered to pay $175 per month in child support. In August 1986, the parties filed a joint motion to modify, requesting that the father be awarded custody of the son and that child support *317 payments be suspended. That motion was granted in August 1986.
In June 1992, the father filed a petition to modify, alleging a substantial change in circumstances and requesting that the mother be ordered to pay child support. Following an ore tenus proceeding, the trial court found no material change in circumstances to justify modification and denied the father’s petition. The father appeals.
The dispositive issue on appeal is whether the trial court erred in denying the father’s petition for modification.
We note at the outset- that in a child support case, when the trial court receives ore tenus evidence, its judgment will be presumed correct on appeal. Tucker v. Tucker, 588 So.2d 495 (Ala.Civ.App.1991). The modification of a prior divorce judgment based upon changed circumstances of the parties is largely within the discretion of the trial court, and we will disturb the exercise of such discretion only upon a showing of abuse of that discretion, or plain and palpable error. Tucker, supra.
It appears that the father first argues that the trial court erred in relying upon the parties’ 1986 agreement that the mother would not be required to pay child support. A parent’s support obligation to a minor child cannot be permanently removed by agreement, release, or judgment, if future circumstances require that support obligation. Thompson v. Hove, 596 So.2d 939 (Ala.Civ.App.1992). When, however, the order establishing the amount of child support is based on an agreement between the parties, as in this case, “the decree should not be modified except for clear and sufficient reasons and after thorough consideration and investigation.” Tucker at 497. The record reveals nothing to indicate that the trial court was strictly bound by the 1986 agreement and that a modification could not have been granted, had the father proven a change in circumstances warranting such modification.
The father next argues that the trial court erred in failing to require the mother to pay child support. The record reveals that the father’s income has increased since the last judgment. The mother has since remarried and relocated out of state. She does not work outside her home, and she stays home to care for her 13-month-old daughter. She testified that her last employment was as a waitress, earning approximately $343 per month, and that childcare costs approximately $500 per month. The mother testified that she receives $200 per month from a trust fund. Child support and its subsequent modification are matters left to the sound discretion of the trial court, and we will disturb its judgment only upon a showing of abuse of that discretion. Preble v. Preble, 589 So.2d 1301 (Ala.Civ.App.1991). The trial court had evidence before it regarding the mother’s present ability to pay child support. Upon our careful review of the record, we find no abuse of discretion in the trial court’s refusal to order the mother to pay child support at this time.
The father claims that the advancing age of the parties’ minor son and the concomitant increase in the child’s needs, in addition to the higher cost of living due to inflation, is sufficient to support a modification of support. Young v. Young, 376 So.2d 737 (Ala.Civ.App.1979). Those factors can constitute a material change of circumstances sufficient to warrant modification of a prior decree for child support; however, these factors alone do not mandate a modification. The trial court cannot ignore the non-custodial parent’s ability to pay in modification decisions. We find no basis for reversing the trial court.
Therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.