This is a post-divorce case.
James Malcolm McDavid (husband) and Julia Marie McDavid (wife) divorced in May 1986. An agreement stipulating, inter alia, that the wife would be the "primary guardian" of their daughter and that the husband would pay $300 per month as child support was incorporated into the divorce judgment.
In August 1987, the wife filed a motion, alleging that the husband had failed to pay child support and requesting that the support obligation be increased. This motion was denied. In October 1991, the wife again filed a motion requesting an increase in the support obligation and alleging that the husband had failed to pay the obligation. The husband's answer denied the wife's allegations and it requested that the trial court modify the divorce judgment to award him custody of their daughter. Ultimately, the issues were litigated in June 1992, and the trial court ordered, inter alia, that custody of the parties' daughter be awarded to the wife, that the support obligation be increased to $534.36 per month, and that the husband pay an arrearage of $4,720 at the rate of $100 per month. The wife's post-judgment motion alleging miscalculation of the amount of child support due was denied. Both parties appeal.
The wife contends on appeal that the support order is not in compliance with the child support guidelines of Rule 32, Ala.R.Jud.Admin., and that the trial court failed to assess interest on the arrearage. The husband, on cross-appeal, contends that the trial court abused its discretion in refusing to admit into evidence certain recorded telephone conversations.
We note at the outset that in a child support case where the trial court receives evidence ore tenus, its judgment is presumed correct on appeal. Tucker v. Tucker, 588 So.2d 495
(Ala.Civ.App. 1991). The modification of a divorce judgment based *Page 448 
upon changed circumstances lies within the discretion of the trial court, and we will disturb the exercise of that discretion only upon a showing of abuse or plain and palpable error. Tucker, supra.
The wife first seems to contend that the trial court established the level of child support below the guidelines. It appears from the record that the husband is a salesman working on a draw versus commission basis, and that he works from his home. There is evidence that his gross income is approximately $80,000, and his adjusted gross income is approximately $50,000, after business expenses. The trial court utilized the adjusted gross income in calculating the child support obligation as $534.36 per month. The wife contends that the support obligation should be calculated using the higher figure.
In determining adjusted gross income pursuant to Rule 32, Ala.R.Jud.Admin., allowance can be made for ordinary and necessary expenses which are required to produce the income. Other income adjustments can be made pursuant to that rule which the trial court could have considered. There is sufficient evidence to sustain the trial court's determination that the husband's adjusted gross income is $50,000; therefore, we will not disturb that ruling. Tucker, supra.
The wife's contention that the trial court erred in failing to include child care costs in determining the support obligation is well taken. Rule 32(B)(8), Ala.R.Jud.Admin., provides that child care costs, "incurred on behalf of the children because of employment or job search of either parent," shall be added to the basic support obligation after subtracting the value of the federal tax credit for such. The wife testified that child care costs approximately $130 per month and that child care is required because of her employment. The guideline form in the record omits that information, and, therefore, the cause must be remanded for the trial court to recalculate the support obligation to include the child care costs.
The wife next argues that the trial court erred in failing to include interest on its arrearage judgment. The failure to impose interest on a child support arrearage is reversible error when such issue is properly raised before the trial court. Hawkins v. Harvey, 481 So.2d 907 (Ala.Civ.App. 1985). The determination of a child support arrearage and its disposition is largely left to the trial court's discretion.Brown v. Brown, 513 So.2d 617 (Ala.Civ.App. 1987). A trial court's determination of arrearage will not be disturbed on appeal unless it is unsupported by the evidence and is plainly erroneous and palpably unjust. Shepard v. Shepard,565 So.2d 645 (Ala.Civ.App. 1990).
The evidence regarding the arrearage is limited and conflicting. The husband testified that he had missed "four or five" payments; the wife introduced a document purporting to show that there existed an accumulated arrearage of $7,110.30, including interest. The trial court found an arrearage of $4,720, but made no mention of interest. Failure to award interest is reversible error. Hawkins, supra. The record does not reveal the basis of the arrearage calculated by the trial court nor whether interest was included. On remand, the trial court is instructed to state whether its arrearage calculation included interest, and if it did not, then the trial court must include interest.
The husband argues on cross-appeal that the trial court erred in refusing to admit into evidence a tape recording. The husband testified that he recorded several telephone calls with the wife without her knowledge. In light of the husband's extensive testimony regarding the content of the taped conversations, any evidence the tapes could provide was merely cumulative; therefore, even if it was error to disallow the tapes, it was harmless. Rule 45, A.R.App.P.
The judgment is reversed as to the support obligation and the arrearage, and in regard to those issues the cause is remanded to the trial court for a determination of the support obligation considering the cost of child care, and for clarification of the arrearage including interest. The remainder of the judgment is due to be affirmed.
The wife's request for an attorney's fee on appeal is denied. *Page 449 
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.