John Coleman (husband) and Catherine Coleman (wife) were divorced in October 1984. The divorce decree, based on a written agreement of the parties, provided that *Page 699 
the wife have custody of the minor child, that the husband eventually pay child support of $400 per month, that the husband pay alimony in the amount of $1,200 per month, and that the husband pay the mortgage indebtedness on the marital residence.
Following a petition for rule nisi and for modification filed by the wife, the husband was found in contempt of court in December 1990, and judgment was entered against him for $16,000 for unpaid child support and for $29,451 for unpaid mortgage payments. The trial court also modified the child support by increasing it to $810 per month, pursuant to Rule 32, A.R.J.A. The husband paid the $16,000 child support arrearage; however, he filed bankruptcy proceedings and was successful in having the mortgage indebtedness obligation discharged in bankruptcy.
In March 1992 the husband filed a petition, seeking to be relieved of paying alimony and to reduce the amount of child support. The wife counterclaimed for an increase in child support and for a rule nisi for the husband's willful refusal to pay his alimony obligations.
Following an ore tenus proceeding, the trial court denied both the husband's and the wife's modification petitions. The trial court found the husband in contempt of court again and ordered that he could purge himself by paying an additional $300 per month ($200 toward the alimony arrearage and $100 toward the wife's attorney's fee award).
The husband appeals, contending that the trial court erred in finding him in contempt, that the trial court acted arbitrarily and unjustly in refusing to modify the alimony award, and that the trial court erred in refusing to modify child support.
Whether a party is in contempt of court is a determination committed to the sound discretion of the trial court, and our review in a contempt case does not involve an inquiry into the weight and sufficiency of the evidence, but whether the judgment of contempt is supported by some evidence. Lundy v.Lundy, 586 So.2d 949 (Ala.Civ.App. 1991). The record reveals such supporting evidence in this case.
The husband also contends that the trial court erred in not reducing his child support obligation and in not terminating or reducing his alimony obligation.
It is well settled that the trial court's judgment regarding the modification of child support and periodic alimony, following the presentation of ore tenus evidence, is presumed correct and will not be reversed on appeal unless it is unsupported by the evidence or is plainly and palpably wrong. Stewart v. Kelley, 587 So.2d 384 (Ala.Civ.App. 1991). The husband argues that his testimony and evidence, reflecting that his annual salary has decreased from $113,000 in 1984 to $45,000 in 1992, mandates a modification of alimony and child support. We recognize that a trial court may modify periodic alimony and child support awards upon a showing of a material change in the circumstances of the parties, and that the trial court's judgment will not be reversed except for an abuse of discretion. Ebert v. Ebert, 469 So.2d 615 (Ala.Civ.App. 1985). We also recognize that factors the trial court may consider include the husband's ability to earn, as opposed to actual earnings, in deciding whether to terminate or reduce the amount of the award in modification proceedings. Ebert;Prentice v. Prentice, 440 So.2d 1091 (Ala.Civ.App. 1983).
After a careful review of the record and the circumstances of this case, we cannot hold that the trial court committed an abuse of discretion or that its judgment is plainly and palpably wrong. The judgment of the trial court is affirmed.
The wife's request for attorney fees on appeal is granted in the amount of $500.
AFFIRMED.
THIGPEN and YATES, JJ., concur. *Page 700