ROBERTSON, Presiding Judge.
This is an appeal from a modification proceeding.
Ricky Dewayne King and Patricia A. Witt were divorced in August 1977. Custody of their daughter, who was three years old at the time of the divorce, was awarded to the mother, and the father was ordered to pay $40 per week in child support.
In November 1992 the State of Alabama, ex rel. Patricia A. Witt, filed a contempt petition for non-payment of child support and a modification petition for an increase of child support.
Following an ore tenus proceeding, the trial court found that the father was $22,180 in arrears in child support payments and found the father to be in contempt of court for his willful failure and refusal to pay his child support. It ordered that he could purge himself by paying the arrearage at the rate of $25 per week. The trial court amended the divorce decree to provide that the father pay $66 per week in child support, pursuant to Rule 32, A.R.J.A.
The father questions on appeal whether the trial court abused its discretion in finding that he owed an arrearage of $22,-180 and in modifying the child support award.
The father admits that the last time he paid any child support was in 1984 when the trial court found him in contempt, with an arrearage at that time of $5,400. The father paid $1,000 on that date as ordered by the trial court. The father argues that “at best [he] was only in arrearage in his past due child support in the amount of $16,840.”
The father, however, failed to present any documentary evidence other than his testimony. His testimony conflicted with other evidence before the trial court regarding the arrearage of child support. After an ore tenus proceeding, the trial court’s judgment of arrearage is presumed correct and will not be set aside unless it is determined to be plainly and palpably wrong. Alred v. State ex rel. Hill, 603 So.2d 1082 (Ala.Civ.App.1992). The record evidence does not support such a determination in this case.
The father next contends that the mother failed to prove a change in circumstances to justify application of Rule 32, A.R.J.A. The record reflects that the mother testified to the increase in the child’s *832 living expenses since 1977. The modification of child support rests within the sound discretion of the trial court and will not be disturbed on appeal unless plainly and palpably wrong. Tucker v. Tucker, 588 So.2d 495 (Ala.Civ.App.1991). The record clearly reflects a material change in circumstances since the divorce decree which is substantial and continuing. Therefore, we cannot hold that the trial court’s judgment was plainly and palpably wrong.
The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.