THIGPEN, Judge.
This is a child support case.
The record discloses that Doyle Ivan Pendegraph (father) and Connie Lynn Pendegraph (mother) divorced in February *850 1987. Pursuant to an agreement, which was incorporated into the divorce judgment, custody of the two minor children was awarded to the mother, and the father was ordered to pay $1,200 per month as child support and to provide hospitalization insurance. In December 1992, the father filed a petition alleging a material change in circumstances and seeking to decrease his child support obligation and to terminate that provision regarding hospitalization insurance. The mother answered and filed a counterclaim seeking an increase in child support, post-minority support, and she also requested that the trial court find the father in contempt for failure to pay child support as ordered.
Following ore tenus proceedings, the trial court denied the father’s petition, and it entered a judgment against the father for an arrearage in the amount of $5,064. The trial court also modified the judgment to order the father to pay a portion of the children’s post-minority education expenses. Hence, this appeal.
The only issue raised by the father on appeal concerns the trial court’s denial of his petition to decrease his child support obligation. Primarily, he contends that the trial court erred in failing to find a material change in circumstances and in failing to utilize the guidelines of Rule 32, Ala.R.Jud.Admin.
Child support and its subsequent modification are matters that rest within the sound discretion of the trial court, and its judgment will be reversed only on a showing of abuse of that discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985). The party seeking the modification has the burden to show that a material change in circumstances has occurred that “is substantial and continuing.” Rule 32(A)(2)(i), 7Ua.R.Jud.Admin. Further, when the judgment establishing the support obligation “is based on an agreement between the parties, the decree should not be modified except for clear and sufficient reasons and after thorough consideration and investigation.” Tucker v. Tucker, 588 So.2d 495, 497 (Ala.Civ.App.1991).
Our review of the record indicates that the father has consistently met his child support obligation in the past. The father’s own testimony discloses that his income had not varied considerably since the last order addressing child support. The arrearage against the father apparently resulted from the father’s reliance on what he alleged to be an informal agreement with the mother to reduce his child support obligation when the older child became eighteen years of age. The mother denied the existence of that agreement. Even if such an agreement existed, it “would be a nullity and would have been of no effect.” Mann v. Mann, 550 So.2d 1028, 1029 (Ala.Civ.App.1989).
Our conscientious review of the record reveals evidence which supports the trial court’s decision to deny modification. The father failed to prove a change in circumstances since the last judgment which is substantial and continuing. We find no error in the trial court’s judgment.
Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
.AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.