The parties divorced in March 1993 after a 20-year marriage. Their divorce judgment incorporated a separation agreement executed by the parties that included the following provisions. The wife was to receive custody of their daughter and son, who were 15 and 11 years old, respectively, at that time. The husband agreed to pay child support of $700 per week, health insurance premiums and noncovered medical expenses for the children, private school tuition and other educational expenses for the children, and a *Page 167 
housing allowance of $1,000 per month for the wife. The parties agreed to sell their home, valued at approximately $800,000. The husband also executed a $40,000 promissory note to the wife to be paid by September 1993. The husband had significant debts at the time of the divorce, including several judgments against him. He was then working in Atlanta managing three companies; his monthly income varied between $5,000 and $7,000.
By the end of 1993, the companies the husband managed had become insolvent, and he left the country for the Bahamas, where he ran a charter boat operation. He says he earned between $15,000 and $20,000, after expenses, during a 7-month period in the Bahamas. In early June 1994, the husband filed a petition for modification, asking the trial court to reduce his child support and alimony obligations, to specify a visitation schedule, and to hold the wife in contempt for refusing to allow him to take their son on a summer vacation outside the United States. The trial court set the matter for a hearing on June 28, but the wife requested and was granted a continuance. The wife then counterclaimed, seeking to have the husband held in contempt for his failure to remain current in his child support payments, to maintain health insurance for the children, to pay the children's noncovered medical expenses, to pay private school tuition for the children, to file the parties' 1992 income tax returns, and to keep life insurance policies in force. The husband contends that he filed his petition for modification because of the significant reduction in his income. The wife contends that he filed the petition in retaliation for a visitation dispute between the parties in the summer of 1994.
Shortly before the husband filed his petition, he gave the wife an $18,000 lump sum cash payment that he contends he provided to her because he was afraid his worsening financial condition might make him unable to meet his child support obligations in the future. Around the same time, the husband also provided the wife with $10,000 as a down payment on her purchase of a new home for herself and the children, valued at approximately $140,000. The wife contends the $28,000 was a payment in partial satisfaction of the promissory note the husband executed at the time of the divorce.
The trial court set the petitions for hearing in January 1995. Meanwhile, the husband moved back to Tuscaloosa in September 1994, where he presently is working as a self-employed contractor. He testified he had accepted work from three businesses and had billed approximately $6,000. He also testified that he could secure a job with a consulting, contracting, or engineering firm making at least $50,000 annually, but that he had not explored the possibility of working for someone other than himself. The husband remarried in December 1994; his present spouse is employed. He testified that he did not have rent or utility expenses, and that one of the companies for which he works furnishes a vehicle for his use.
The former wife is presently attending school and working for her parents, and is earning $400 per week. She testified that she and the children needed approximately $4,000 per month to live on, that both of the children are experiencing psychological problems, for which, she said, they are being treated, and that those problems, in part, make it important for the children to continue attending private school. The wife was able to obtain health insurance for the children through her parents' business, and she testified that she had paid the children's medical expenses not covered by insurance. She paid, she says, a minimum of $1,000.
After the hearing, the trial court entered a judgment in February 1995. The judgment sets out a specified visitation schedule agreed upon by the parties before the hearing. Regarding the husband's petition for modification, the trial court reduced his child support obligation to $976 per month, in accordance with Alabama's Child Support Guidelines, Rule 32, Ala.R.Jud.Admin. The court's child support calculations were based on an annual income of $50,000 imputed by the court to the husband and on the wife's actual income of $400 per week. The trial court relieved the husband of his obligation to provide health insurance for the children and ordered the parties to split the cost of noncovered medical expenses. The trial court did not *Page 168 
relieve the husband of his obligation to pay the children's educational expenses or his obligation to pay the wife's housing allowance. The trial court afforded the husband only prospective relief and did not allow modification retroactively to the date on which the husband filed his petition. Regarding the wife's counterclaim, the trial court found the husband in contempt for a willful failure to pay child support due on October 28 and November 4, 11, and 18, 1994, and entered a judgment against him for $2,863, which included interest. The trial court sentenced the husband to a total of 20 days in jail, but suspended the sentence for 45 days to allow the husband to pay the $2,863 due. In addition, the trial court calculated an arrearage of $38,325, which included unpaid child support, housing allowance, medical insurance premiums, and educational expenses. The trial court did not include the noncovered medical expenses paid by the wife in its arrearage calculation. The trial court determined that the payments of $18,000 and $10,000 made by the husband were in the nature of support, gave the husband credit for $28,000 against the arrearage, and entered a judgment against him for $10,325. The trial court ordered the husband to pay the children's guardian ad litem a $2,000 fee and to pay the wife's attorney a $2,000 fee.
Each party filed a post-judgment motion, which the trial court heard in March 1995. The court denied both motions. The husband then appealed, and the wife cross-appealed.
The husband contends that the trial court erred in (1) failing to modify his child support obligation retroactively to the date on which he filed his petition to modify; (2) imputing an income to him; (3) holding him in contempt of court; (4) failing to reduce his obligation to pay the children's educational expenses; (5) failing to reduce his obligation to pay the wife's housing allowance; and (6) requiring him to pay a portion of the wife's attorney fee.
The wife contends that the trial court erred in (1) modifying the amount of the husband's child support obligation; (2) finding him in contempt only as to four weeks in which he did not pay child support; (3) failing to award a greater attorney fee; (4) not including the noncovered medical expenses in the calculation of the arrearage; and (5) crediting the husband with $28,000 against the arrearage.
This case is governed by the ore tenus rule; therefore, the judgment should be affirmed unless it is so unsupported by the evidence that it is plainly and palpably wrong. Helms v. Helms,624 So.2d 633 (Ala.Civ.App. 1993). All of the issues raised by both parties involve discretionary decisions by the trial court, with the exception of the issue of the noncovered medical expenses. See Tucker v. Tucker, 588 So.2d 495
(Ala.Civ.App. 1991) (modification of an existing judgment based on a change of circumstances is left to the sound discretion of the trial court); Rule 32(A)(3)(a), Ala.R.Jud.Admin. (the trial court may modify child support installments accruing after a petition to modify is filed); Rule 32(B)(5), Ala.R.Jud.Admin. (the trial court may impute income if it finds a parent is voluntarily underemployed); Cunningham v. Cunningham,641 So.2d 807 (Ala.Civ.App. 1994) (whether a parent is voluntarily underemployed is a discretionary decision for the trial court);Coleman v. Coleman, 628 So.2d 698 (Ala.Civ.App. 1993) (whether a party is in contempt of court is a determination committed to the trial court's discretion); Slater v. Slater,587 So.2d 376 (Ala.Civ.App. 1991) (an award of attorney fees is within the trial court's discretion). See also Culverhousev. Culverhouse, 389 So.2d 937 (Ala.Civ.App. 1980) (the trial court's determination of an arrearage will not be disturbed on appeal unless it is unsupported by the evidence or plainly erroneous and manifestly unjust).
In hearing the evidence in this case and resolving the myriad disputed issues, the trial court performed its judicial duties admirably. None of the trial court's discretionary decisions is plainly and palpably wrong. We must, however, reverse that aspect of the judgment relating to the court's failure to include the noncovered medical expenses in its arrearage calculation, in light of Ex parte State ex rel. Horton,678 So.2d 106 (Ala. 1996). The Horton court noted that it is "well established that a trial court cannot, on a petition for modification, relieve a parent of *Page 169 
a child support obligation that has already accrued." 678 So.2d at 107. See also Waltman v. Waltman, 528 So.2d 867
(Ala.Civ.App. 1988). As in Horton, the record here indicates that at the time of the hearing, the wife either had paid, or had contractually obligated herself to pay, for medical expenses for the children not covered by insurance, and that the husband had not paid for those expenses as he was obligated to do by the divorce judgment. The trial court lacked the authority to "forgive" or set aside the husband's obligation to pay for the children's noncovered medical expenses that had already accrued. Horton, 678 So.2d at 107.
We reverse only that aspect of the judgment in which the trial court calculated the arrearage owed by the husband, and remand the cause with instructions to include the noncovered medical expenses in that calculation. In all other respects, we affirm the judgment.
The wife's request for an attorney fee on appeal is granted in the amount of $2,000.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.