YATES, Presiding Judge.
This is a child-support modification case. The parties divorced in July 1996 after a 10-year marriage; two children had been born of the marriage. Pursuant to a settlement agreement incorporated into the final judgment of divorce, the mother was awarded custody of the two children and the father was directed to pay $750 per month in child support. According to the Form CS-42 (“Child Support Guidelines,” see Rule 32, Ala.R.Jud.Admin.), the father’s child-support obligation was $562.82 per month, based on his monthly income of $2,500 and the mother’s monthly income of $300; however, the father agreed to exceed the child-support guidelines and to pay $750 per month.
In October 1999, the father petitioned for a reduction in child support, alleging that his income as a self-employed subcontractor had decreased by more than one-half to $1,200 per month; that his reduction in income had occurred because he had not collected payments from his customers; that he had not been intentionally underemployed; and that the mother, at *1151 the time the divorce judgement was entered, had been unemployed, but is now gainfully employed and able to contribute to the support of the children. The mother counter-petitioned, requesting that the father be held in contempt for a child-support arrearage of $6,641.50.
After conducting an ore tenus proceeding, the court, on March 17, 2000, entered an order reducing the father’s child-support obligation to $300 per month ($130 as current child support and $170 toward a child-support arrearage). The order stated, in part:
“Since the divorce, [the father’s] income has taken a nose dive if his testimony is to be believed. Although his uncle does not believe him to be truthful, the Court must rely on the only evidence it has — the [father’s] testimony that his gross income is only $1,200.00 per month. If true, he should find another line of work.
“[The mother], on the other hand, has obtained good, steady employment which she supplements with a net rental income of about $200.00 per month from the former marital home.
“Based on these income figures, the Court will recalculate the child support, retroactive to November 1, 1999, the first month after the filing of [the father’s] petition.
“[The father] is in arrears. In early 1998, he decided that it was too much trouble to pay through the Court and began making direct payments. [The mother] admits receiving these payments and makes a generous admission that he was current through October 1998. Future payments must be through the clerk’s office, however, or they will not be credited.”
The court held a hearing on the mother’s postjudgment motion and amended its order, stating, in part:
“When the child support is recalculated without the rental income, [the father’s] share of the support goes up to $135.00 per month and the Order will be amended upward to that amount.
“[The mother] asks that the Court impute [to the father] the income that he is capable of making (i.e., that he has made in the past) and figure support on that basis. The Court has stated ... previously that he should consider another line of work if he can make no more than $1,200.00 per month. He ought to do something more if he ever is to work out of the financial mess he has created. His situation is so bad, however, that the Court sees no purpose in setting current support at an amount which he cannot meet. That won’t create any more money for the children. More likely, it will mean less as it would increase the likelihood that he will be jailed for contempt when he fails to pay.”
The mother appeals.
Our standard of review in a case involving a modification of a child-support order is well settled. Matters related to child support, including subsequent modifications of a child-support order, rest soundly within the trial court’s discretion and will not be disturbed on appeal, absent a showing that the ruling is not supported by the evidence and thus is plainly and palpably wrong. Berryhill v. Reeves, 705 So.2d 505 (Ala.Civ.App.1997); Williams v. Braddy, 689 So.2d 154 (Ala.Civ.App.1996). In Morin v. Morin, 678 So.2d 166, 168 (Ala.Civ.App.1996), this court, citing cases, noted the discretionary authority of the trial court:
“See Tucker v. Tucker, 588 So.2d 495 (Ala.Civ.App.1991) (modification of an existing judgment based on a change of circumstances is left to the sound discre *1152 tion of the trial court);.... Rule 32(B)(5), Ala.R.Jud.Admin. (the trial court may impute income if it finds a parent is voluntarily underemployed); Cunningham v. Cunningham, 641 So.2d 807 (Ala.Civ.App.1994) (whether a parent is voluntarily underemployed is a discretionary decision for the trial court); Coleman v. Coleman, 628 So.2d 698 (Ala.Civ.App.1993) (whether a party is in contempt of court is a determination committed to the trial court’s discretion) .... ”
A detailed recitation of the testimony is not necessary. Suffice it to say, the evidence was sufficient to support the trial court’s determination. The father submitted evidence indicating that he was self-employed and was earning approximately $1,200 per month; the mother was gainfully employed, was earning approximately $2,500 per month, and had rental income. The court heard no testimony regarding the needs or expenses of the children. Again, when a judgment is based on ore tenus evidence, it is presumed correct on appeal and an appellate court should defer to that presumption unless the judgment is not supported by the evidence. Barker v. Boozer, 628 So.2d 811 (Ala.Civ.App.1993). After reviewing the record, we cannot say the court erred in reducing the father’s child-support obligation.
AFFIRMED.
PITTMAN and MURDOCK, JJ„ concur.
THOMPSON, J., concurs in the result.
CRAWLEY, J., dissents.