Rel: October 18, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

———————————————

## CL-2024-0129

———————————————

## Wilton Lee Triggs, II

### v.

## Brittany Denece Triggs

### Appeal from Chilton Circuit Court
### (DR-20-900057.01)

FRIDY, Judge.

Wilton Lee Triggs, II ("the father"), appeals from a judgment of the Chilton Circuit Court ("the trial court") increasing his child-support obligation to $15,000 per month and making the increase retroactive to the date of the filing of the petition to modify child support filed by

Brittany Denece Triggs ("the mother"). For the reasons set forth herein, we reverse the judgment and remand the case with instructions.

Background

The father and the mother divorced in January 2021. At time of the divorce, the mother and the father had twin children, W.L.T. ("the son") and W.C.T. ("the daughter") (collectively "the children"), who had been born during the marriage; the children were four years old and attended a childcare center that cost $1,599 per month. Also at the time of the divorce, the father earned approximately $39,500 per month as a licensed reconstructive surgeon in Ohio, and the mother earned approximately $6,500 per month as an attorney for the Social Security Administration in Montgomery. The trial court incorporated a settlement agreement into the divorce judgment that provided that the mother and the father would have joint legal custody of the children, that the mother would have sole physical custody of the children subject to the father's visitation, and that the father would pay $4,000 per month in child support. Both parties were represented by counsel during the negotiation of the settlement agreement.

In September 2022, the mother filed a petition in the trial court to increase the father's child-support obligation. The mother cited the father's increased income and the children's increased needs as creating a material change in circumstances that warranted an increase in the father's child-support obligation. The mother filed two motions for pendente lite relief prior to trial; one of these motions requested that the trial court increase the father's child-support obligation to half of the father's modified monthly gross income, or approximately $48,000. It does not appear that the trial court made any express ruling on those motions and instead proceeded to the final hearing.

At the time of the trial, the father resided in Miami, Florida, and earned approximately $91,667 per month as a board-eligible plastic surgeon. The mother testified that her gross income had recently increased to $8,202 per month.

The mother testified that the children attended Prattville Christian Academy ("PCA"), a private school. According to the mother, the cost for both children to attend PCA was approximately $1,725.80 per month. The daughter, based on her teacher's recommendation, also attended a three-year dyslexia program that cost $3,800 for the first year and $4,750

3

for the next two years. The mother testified that the father had already paid the first year's cost directly to the school. The mother also testified that the children were required to wear uniforms at PCA, which she anticipated would cost approximately $1,700 annually. The mother further testified that there were additional school costs, such as lunch fees, that were approximately $300 per month.

The mother testified that she spent approximately $1,000 each month at Target for clothing, groceries, and sundries; however, the mother admitted that she could not separate any of the costs associated with the children from costs that were for her alone. The mother also testified that the children were involved with extracurricular activities that created additional expenses. The mother said that she had incurred a $20,000 credit-card bill from her first attorney, which she was still paying off. The mother also provided the cost of her other monthly expenses, including her mortgage payment, car payment, utilities payments, and insurance payments. The mother testified that the mortgage payment and car payment predated the divorce settlement. In total, the mother testified that her monthly expenses, including the children's school payments, equaled $9,937.58.

The mother stated that she believed that 20% of the father's approximately $91,000 per month income would be "a good number" to establish as his child-support obligation. On cross-examination, the mother stated that she believed that 25%, or $22,700, would be an appropriate amount for the father to pay in child support. However, the mother testified that the $4,000 in child support had been sufficient to cover the reasonable needs and necessities of the children at the time of the divorce. The mother further stated, on cross-examination, that the expenses for the children were between $8,000 and $12,000 per month.

The father testified that he rarely missed his visitation with the children. The father agreed that, as the children age, their financial needs would increase. The father also testified that he had no issues with the children participating in extracurricular activities and that he would be willing to pay the costs associated with their participation, although he admitted that he was not aware of the actual costs of the extracurricular activities that the children were participating in at that time. The mother testified that the father told her that he was not going to make any changes in his child-support payments unless the court ordered the change. The father testified that although he approves of the

children attending PCA, the mother informed him that she had enrolled the children at PCA after the process was completed. The father further testified that he would be willing to pay the tuition for the children to attend any private school provided that the mother and the father reached a mutual agreement about the school.

In its final judgment, the trial court increased the father's child-support obligation from $4,000 per month to $15,000 per month and made the increase retroactive to the date of the filing of the petition for modification. The trial court gave the father credit for the child support he had paid during the pendency of the action. The trial court found that the father's income had increased from $39,500 per month to $91,000 per month and that the mother had additional expenses related to the education and care of the children. The trial court noted that the increased award did not comply with the Rule 32, Ala. R. Jud. Admin., child-support guidelines because the incomes listed by the mother and the father exceeded the amounts listed on the child-support-guideline tables. The father filed a motion to alter, amend, or vacate the judgment, arguing that the trial court's judgment was contrary to the evidence and that the trial court abused its discretion in making the child-support

award retroactive. The trial court denied the father's motion. The father appeals.

## Standard of Review

The modification of an award of child support is a matter within the sound discretion of the trial court and will not be disturbed absent a showing that the trial court's findings are plainly and palpably wrong or that the trial court abused its discretion. Tompkins v. Tompkins, 843 So. 2d 759, 764 (Ala. Civ. App. 2002). It is also within the discretion of the trial court to make any modification retroactive to the date of the filing of the modification petition. Brown v. Brown, 719 So. 2d 228, 232 (Ala. Civ. App. 1998). This court will not reweigh evidence that was presented ore tenus; we are limited to determining whether there was sufficient evidence to support the trial court's judgment. Cochran v. Cochran, 5 So. 3d 1220, 1227 (Ala. 2008). We review questions of law de novo. Williams v. Williams, 75 So. 3d 132, 138 (Ala. Civ. App. 2011).

## Analysis

On appeal, the father presents two arguments. First, the father contends that the trial court abused its discretion by granting the child-support modification and increasing his child-support obligation to

$15,000 per month. Second, the father argues that the trial court abused its discretion by making the award retroactive to the date of the filing of the modification petition. We address each in turn.

A child-support award may be modified only upon a showing that there is a material change in circumstances that is substantial and continuing. Browning v. Browning, 626 So. 2d 649, 650 (Ala. Civ. App. 1993). "'"The standard for determining changed circumstances is the increased needs of the child and the ability of the parent to respond to those needs."'" Jones v. Jones, 101 So. 3d 798, 803 (Ala. Civ. App. 2012) (quoting Allen v. Allen, 966 So. 2d 929, 932 (Ala. Civ. App. 2007), quoting in turn Coleman v. Coleman, 648 So. 2d 605, 606 (Ala. Civ. App. 1994)). In child-support-modification cases that fall outside of the Rule 32 guidelines, this court has stated that the trial court's discretion is not unbridled and that "the amount of support awarded must be related to the reasonable and necessary needs of the children." Grimsley v. Grimsley, 887 So. 2d 910, 914 (Ala. Civ. App. 2004). While "a modification is particularly disfavored in the case of a [judgment] based on an agreement between the parties when so short a time … separates the [judgment] and the hearing for modification," the trial court is not strictly

bound by that agreement. <u>Tucker v. Tucker</u>, 588 So. 2d 495, 497 (Ala. Civ. App. 1991); <u>Love v. Love</u>, 623 So. 2d 315, 317 (Ala. Civ. App. 1993). However, when a divorce judgment establishing the amount of child support is based on an agreement between the parties, the judgment "should not be modified except for clear and sufficient reasons and after thorough consideration and investigation." <u>Tucker</u>, 588 So. 2d at 497.

We note at the outset that the father does not argue that he lacks the ability to pay the increased child-support award. Instead, he argues that the children's circumstances have not changed so substantially as to warrant an $11,000 per month increase in his child-support payment. We agree.

The mother asserts that the children's basic needs have increased as they have grown older. This court has recognized that "an increase in the age of a minor child and the correlative need for support, coupled with an increase in the cost of living due to inflation," is sufficient to constitute a material change in circumstances that supports a modification of child support. <u>Burson v. Burson</u>, 608 So. 2d 739, 741 (Ala. Civ. App. 1992). The mother cites <u>Berryhill v. Reeves</u>, 705 So. 2d 505 (Ala. Civ. App. 1997), as an example of a child-support modification based on the increased age of

9

a child. However, the child in <u>Berryhill</u> was three years old at the time of the divorce and fifteen when the petition for modification of child support was filed. In contrast, the children in the present case were four years old at the time of the divorce and six years old when the petition was filed. While the two-year increase in the age of the children and their participation in extracurricular activities may warrant an increase in the father's child support, it does not warrant an $11,000 increase in child support.

The mother testified that $4,000 was sufficient to cover the reasonable needs of the children when the trial court entered the divorce judgment. The mother has the same car payment and mortgage payment that she had at the time of the divorce. At the time of the divorce, the children attended a childcare facility that cost $1,599 per month. At the time of the trial on the modification petition, the mother paid $1,725 per month for both children to attend PCA, an approximately $125 increase per month. The children wear uniforms at school that cost an estimated $1,700 annually. The daughter also attends a reading course that cost $3,800 for the first year, which the father has already paid. That course will cost $4,750 for each of the next two years, and the father has offered

to pay those costs as well. The children also participate in extracurricular activities that have various monthly costs. While the mother asserts that she spends $1,000 each month for groceries and clothing at Target, when asked how much of that $1,000 was spent on the children, she testified that it was "impossible to separate herself from the children."

Based on the record before us, the trial court could have reasonably believed that the children's increased age and resulting school and extracurricular expenses created a material change in circumstances that would support a modification of the father's child-support obligations. While the father asserts that a modification so soon after the divorce settlement should be disfavored, the trial court could have believed that the children's needs have changed sufficiently to warrant a modification. However, based on the record before us, we cannot say that those changes support an $11,000 per month increase in child support. Even if we considered the mother's total monthly listed expenses of nearly $10,000 per month, and we disregarded her own gross earnings of $8,208 per month, the trial court's modification would obligate the father to pay $5,000 per month more than the mother's total listed expenses. Such an increase is not related to the reasonable and necessary needs of

the children. See Grimsley, 887 So. 2d at 914. Accordingly, we reverse the judgment of the trial court with respect to the amount of the child support that it ordered the father to pay, and we remand the case for the trial court to recalculate the father's child-support obligation.

Having reversed the child-support award, we need not reach the issue of the retroactive award of child support. However, out of an abundance of caution, we will briefly address the issue. The decision to make a modification of child support retroactive to the date of the filing of the petition is within the sound discretion of the trial court. Brown, 719 So. 2d at 232. However, "in Brown, we specifically instructed trial courts to include in any retroactive child-support award a statement of the reasons for the award and the manner in which the award was calculated." Bittick v. Bittick, 297 So. 3d 397, 406 (Ala. Civ. App. 2019) (citing Brown, 719 So. 2d at 232). In the present case, the trial court did not state its reasons for making the award retroactive and it did not specify how the award was calculated. Nor is it readily apparent from the record how the trial court decided that $15,000 per month, less the credit the father was given for the child support he had paid during the pendency of the petition, was the appropriate figure to award as

retroactive child support. Accordingly, the trial court's retroactive child-support award did not comply with the requirements described in <u>Brown</u>. Therefore, should the trial court exercise its discretion and award child support retroactive to the date of the filing of the petition on entering the judgment on remand, it should comply with the requirements described in <u>Brown</u>.

### Conclusion

Based on the record before us, we cannot say that the trial court abused its discretion in finding that there has been a material change in the needs of the children that would support a modification of the father's child-support obligation. However, the evidence does not support an increase of $11,000 per month. Accordingly, we reverse the trial court's judgment and remand the cause for the entry of a new judgment consistent with this opinion.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Hanson, J., concur.

Edwards, J., concurs in the result, without opinion.

Lewis, J., recuses himself.

13
